IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION No. 2:15-CV-160 (WOB-CJS)

BRANDON FREEMAN, ET AL.                                        PLAINTIFFS

VS.                    MEMORANDUM OPINION AND ORDER

DELTA AIRLINES, INC., ET AL.                                   DEFENDANTS

This is a supplemental Memorandum Opinion and Order addressing the claims of plaintiff Freddie Vincent, Jr. It incorporates by reference the facts and law set forth in the Memorandum Opinion and Order previously filed on the claims of plaintiff Brandon Freeman ("the Freeman opinion). (Doc. 150).

This matter is now before the Court on defendants' motions for summary judgment. (Docs. 118, 111).[1]

## *Factual and Procedural Background*

Freddie Vincent, Jr. was hired by Delta in 2010 after his previous employer, Comair, went out of business. (Vincent Dep., Doc. 66, at 39, 44). Like the other plaintiffs, he was employed as a part-time Ready-Reserve employee at CVG, and he remains employed there. He is otherwise employed full-time as a police officer with the Cincinnati Police Department. (*Id.* 13-14).[2]

---

[1] The individual defendants' motion for summary judgment (Doc. 111) addresses the claims of Vincent, as well as plaintiffs Kenny Gaines and David Perdue.

[2] The record reflects Vincent's employment status as of the time his deposition was taken on November 10, 2016. (Doc. 66).

## A. 2011-2013 Discipline

On May 24, 2011, Vincent was given a "Warning Letter for Job Performance and Reliability" based upon a variety of incidents in which he was late to meet flights, missed flights, or was a "no show" for his shift. (Doc. 66-1 at 6).

On February 16, 2012, Vincent was issued a "Probationary Letter" for leaving work early and for failing to clock out 35 times since the prior October. (Doc. 66-1 at 8). In his deposition, Vincent testified that he had been having problems with his security badge and eventually got a new card. (Vincent Dep. 104-05).

Concerned that he was being put back on probation, Vincent met with Paul Baird, Delta's Regional Director. (Vincent Dep. 109-21, 130-31). Vincent expressed his concerns that African-American Ready-Reserve employees were being written up for things they had no knowledge about; that there was no "due process" with respect to discipline; and that he had heard that an employee said something to co-worker Aminata Tall about her odor that made her cry. Baird told Vincent that he would review this information and get back to him. (*Id.*). Thereafter, Baird met with Vincent again and told him he was going to give him a "clean slate." On February 21, 2012, the Probationary Letter was amended to a "Warning Letter" with the notation "Please remove previous probationary letter." (Doc. 66-1 at 9).

Vincent testified that, after he met with Baird, the "line of communication" between him and his supervisors got better. (Vincent Dep. 164).

On February 28, 2013, Vincent received a "Corrective Action Notice" for attendance/reliability for absences and tardiness. (Doc. 66-1 at 10-11). Vincent was required to bring in a doctor's note for any absences for the ensuing six months. On September 9, 2013, Vincent received another "Written Coaching" for attendance

problems, repeating the doctor's note requirement. (Doc. 66-1 at 12-13).

Vincent testified in his deposition that he did not lose any benefits and was not denied any transfer or promotion on account of this discipline. (Vincent Dep. 244-45).

**B.     July 2014 EEOC Charge**

In July 2014, Vincent filed a Charge of Discrimination with the EEOC. (Doc. 66-1 at 18-19). In this charge, Vincent alleged racial discrimination at CVG in work assignments and discipline. (*Id.*).

While this charge states that Jones told Vincent that the discipline about which Vincent had complained in 2012 was "racially based," Vincent testified in his deposition that Jones never said anything to that effect. (Vincent Dep. 202).

The charge contains no allegations of racial harassment/hostile environment.

**C.     On-The-Job Injury at CPD in 2015**

In August 2015, Vincent injured his shoulder while working in his police job. He underwent surgery and was on medical leave from Delta due to this injury until November 2016, after which he returned to his job at CVG. (Vincent Dep. 14-17).

*Analysis*

**A.     Race Discrimination**

As noted in the Freeman opinion, under Title VII, a plaintiff must file an EEOC charge within 300 days of the discrete employment action they challenge. Claims under 42 U.S.C. § 1981 are subject to a four-year statute of limitations, and a KCRA claim is subject to a five-year statute of limitations.

For these reasons, the disciplinary warnings and probation that Vincent received in 2011, 2012, and 2013 are actionable only under the KCRA and § 1981.

Delta argues, however, that these disciplinary measures were not "adverse

employment actions" and that Vincent thus cannot state a prima facie case of race discrimination based upon them. This argument is well taken.

For purposes of the prima facie case, "adverse employment actions are typically marked by a 'significant change in employment status,' including 'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *O'Donnell v. Univ. Hosp. Cleveland Med. Ctr.*, 833 F. App'x 605, 620 (6th Cir. 2020) (citation omitted).

Here, Vincent has not shown that the disciplinary warnings he received had any material effect on his employment, and he so testified in his deposition. (Vincent Dep. 244-45).

In *Hill v. Nicholson*, 383 F. App'x 503, 509 (6th Cir. 2010), the Sixth Circuit held that a written counselling issued to the plaintiff for a performance error was not an "adverse employment action" for purposes of a prima facie claim of race discrimination because it had no long-term impact on the terms or conditions of plaintiff's employment. *See also Norman v. Rolling Hills Hosp., LLC*, 820 F. Supp.2d 814, (M.D. Tenn. 2011) (disciplinary writeup held not to be an adverse employment action).

Vincent's brief on this issue merely repeats a canned recitation of the law and makes no substantive argument as to how the above discipline constitutes an adverse employment action under clear Sixth Circuit law. (Doc. 127 at 19-20).

For these reasons, Vincent has failed to state a prima facie case of race discrimination.

### B. Racial Harassment

Vincent's memorandum in opposition cites only allegedly discriminatory work assignments and discipline in support of his hostile environment claim. (Doc. 127 at 17-

4

19). That is plainly insufficient to create a "severe and pervasive" hostile environment.

While not mentioned in his brief, Vincent testified in his deposition that he felt "harassed" by supervisors Arlinghaus, Heringer, and Unkraut watching him perform his job duties from a window. (Vincent Dep. 148-51). He did not testify why he thought this was based on race, but only stated that he did not know what their "reasoning" was. (*Id.*). He also testified that a white lead employee nicknamed "Cornbread" told him it was a "waste of talent" for "a big buck like him" to be driving when he could be loading bags. (Vincent Dep. 171). Cornbread also called Vincent "Bubba," which Vincent found offensive. (Vincent Dep. 173). Vincent told him his name was Freddie Vincent, and Cornbread did not call him Bubba again.

Again, Vincent's responsive memorandum does not mention this testimony. But none of these incidents appear to be race-based. Assuming, however, that the "big buck" remark was an allusion to Vincent's race, that would certainly be offensive. Even viewing this evidence in Vincent's favor, however, such isolated remarks by a non-manager fall far short of creating a legally actionable hostile work environment.

Defendants are thus entitled to summary judgment on this claim.

### C. Retaliation

Vincent also alleges that he was retaliated against for filing a charge of discrimination with the EEOC in 2014.

However, Vincent does not mention this cause of action in his memorandum in opposition, and it is thus considered abandoned. *Hicks v. Concorde Career College*, 449 F. App'x 484, 487 (6th Cir. 2011).

Therefore, having reviewed this matter, and the Court being advised,

5

**IT IS ORDERED** that defendants' motions for summary judgment on the claims of plaintiff Freddie Vincent, Jr. (Docs. 111, 118) be, and are hereby, **GRANTED**.

This 22nd day of June 2021.



Signed By:
*William O. Bertelsman* WOB
United States District Judge