IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION No. 2:15-CV-160 (WOB-CJS)

BRANDON FREEMAN, ET AL.                                    PLAINTIFFS

VS.                 MEMORANDUM OPINION AND ORDER

DELTA AIRLINES, INC., ET AL.                               DEFENDANTS

This is a supplemental Memorandum Opinion and Order addressing the claims of plaintiff Aminata Tall. It incorporates by reference the facts and law set forth in the Memorandum Opinion and Order previously filed on the claims of plaintiff Brandon Freeman ("the Freeman opinion). (Doc. 150).

This matter is now before the Court on defendants' motions for summary judgment. (Docs. 110, 117).

***Factual and Procedural Background***

Plaintiff Aminata Tall was hired by Delta in November 2012 as a part-time Ready-Reserve employee at CVG. (Tall Dep., Doc. 64, 59, 82-83). She is a native of Senegal and moved to the United States in 1998. (Tall Dep. 13).

Tall testified that she felt that sometimes the black Ready-Reserve employees got harder work assignments than white employees. (Tall Dep. 88-89). But she also testified that none of her assignments were stressful to her, and that the same employees did the "easier" job of directing the airplanes with wands as well as the "harder" job of handling bags. (Tall. Dep. 135-39).

In late 2013, supervisor Jimmy Davis spoke to Tall and told her that some

employees had complained about Tall's "smell" and that it "bothered them." (Tall Dep. 91-93). Tall testified that she wore a body mist from Victoria's Secret sometimes, and that she said to Davis "Do I smell bad, that people can't stand me, or what?" (Tall Dep. 93). Davis said "no, well, don't take it like that, Ms. Tall. I just want to tell you, if you're wearing something, stop wearing it." (*Id.*).

Tall testified that this incident was very embarrassing, and she told Davis that she felt it was discriminatory. (Tall. Dep. 94-96). Again, Davis said, "Well, don't take it like that, Ms. Tall. You know, I'm sorry if this thing embarrass [*sic*] you like that, but I just want you to understand and stop wearing that smell." (*Id.*).

Tall testified that, other than this incident, no Delta manager or supervisor ever said anything to her that she felt was racially offensive or discriminatory. (Tall Dep. 97).[1]

A week or two later, a co-worker named Mark Weber who was in the break room with Tall said "What's that smell? Girl, you kind of stink." (Tall Dep. 98-99). He also used the word "shit." Tall told him that he should not curse and that what he said was not nice. (*Id.*). Tall testified that she believed Weber did not like black people. (Tall Dep. 101).

Other than this comment by Weber, no co-worker at Delta ever made any derogatory statement in her presence that she felt was racially discriminatory. (Tall Dep. 110). She also testified that she never saw any racially offensive material such as documents, notes, or graffiti. (Tall Dep. 123-24).

Tall was never disciplined during her employment at Delta. (Tall Dep. 115).

On March 3, 2014, Tall slipped on ice while working at CVG and injured her back. (Tall Dep. 18-20). At the time she was deposed in November 2016, she had been unable

---

[1] Tall testified that she had either no dealings or issues with defendants Unkraut, Howe, Gosney, and Jones. (Tall. Dep. 154-56).

to return to Delta or any other job. (*Id.*).

On July 9, 2014, Tall filed a charge of discrimination with the EEOC. (Doc. 64-1 at 13-14). In this charge, she characterized Weber's statement to her as "Girl, your black ass always stinks." (*Id.* at 14).

## *Analysis*

**A.     Race Discrimination**

Tall's race discrimination claim fails as a matter of law because she suffered no "adverse employment action" while employed at Delta.

Tall was not disciplined or fired; rather, she left her employment when an injury caused her to be unable to work. And, for the reasons stated in the Freeman opinion, allegations of more difficult work assignments do not satisfy the "adverse employment action" element as a matter of law.

For these reasons, Tall has failed to state a prima facie case of race discrimination.

**B.     Racial Harassment**

The standards for a racially hostile work environment are set forth in detail in the Freeman opinion.

Tall testified to only two incidents that she felt were related to her race: her conversation with Jimmy Davis, who told her that employees had complained about her smell, and the alleged remark by co-worker Mark Weber, "Girl, your black ass always stinks."

While Tall may have understandably been embarrassed by the fact that co-workers had complained about her odor, she has adduced no evidence that Davis's decision to bring it to her attention was based on her race.

And, even assuming that discussion could be interpreted as race-based, and

3

considered in conjunction with Weber's one obviously offensive statement, Tall's hostile environment claim still fails as a matter of law because two such incidents over a year and a half cannot be considered "severe and pervasive." These two conversations were not threatening, and Tall testified that she never observed any racially offensive displays in the workplace.

In sum, defendants are entitled to summary judgment on Tall's hostile environment claim.

C. **Retaliation**

Tall was already off work on medical leave due to her injury at the time she filed her EEOC charge, so it is not clear how she believes she was retaliated against for its filing.

In any event, she failed to address this claim in her memorandum in opposition, (Doc. 124), so it is considered abandoned. *Hicks v. Concorde Career College*, 449 F. App'x 484, 487 (6th Cir. 2011).

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that defendants' motions for summary judgment on the claims of plaintiff Aminata Tall (Docs. 110, 117) be, and are hereby, **GRANTED**.

This 22nd day of June 2021.



Signed By:
*William O. Bertelsman* WOB
United States District Judge